IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| XIUMIN LI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civ. Action No. 3:17-CV-712-B |
| § | |
| GENENTECH, INC., et al., § | |
| § | |
| Defendants. § | PTRL Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated May 10, 2017 (doc. 27), before the Court is the *Plaintiff Xiumin Li's Motion to Court for Default Judgment*, filed on April 17, 2017 (doc. 16). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

On March 10, 2017, the plaintiff filed this *pro se* action against the defendants and paid the filing fee.  (*See* doc. 3.)  Summonses were issued for all the defendants on that date.  (*See* doc. 5.) On April 6, 2017, Fidelity Workplace Services LLC (Fidelity) moved to dismiss the complaint. (*See* doc. 6.)  On April 11, 2017, the plaintiff filed a "Declaration of Service by Mail," which appears to state that the complaint and summonses were mailed to Fidelity and to Genentech, Inc. (Genentech) on March 13, 2017, and March 22, 2017.  (*See* doc. 14.)  The attachments show certified mailings to both defendants on March 13, 2017, and certified mailings with return receipt requested to both defendants on March 22, 2017.  (*Id.* at 2-3.)[1]  The initial mailing to Genentech in San Francisco, California, was reported as having been picked up by an individual on March 16, 2017.  (*Id.* at 5.) The initial mailing to Fidelity in Boston, Massachusetts, was reported has having been delivered on

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

March 20, 2017.  (*Id*. at 9.)  The return receipt card for the second set of mailings was executed on behalf of Genentech on March 27, 2017, and on behalf of Fidelity on April 3, 2017.  (*Id.* at 11.)  On April 12, 2017, Genentech also moved to dismiss the complaint.  (See doc. 15.)  On April 17, 2017, the plaintiff moved for entry of a default judgment against these two defendants (Defendants).  (*See* doc. 16.)

## II.  ANALYSIS

The plaintiff moves for entry of default judgment on grounds that Defendants' failed to timely file an answer to her complaint.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted).  "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  Consequently, default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."  *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).  The decision to enter

a judgment by default is within the Court's discretion.  *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004).[2]

Here, Defendants have appeared and defended the case by filing a motion to dismiss.  *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).  The plaintiff did not seek or obtain entry of default prior to their appearance.  Without a prior entry of default, a party has no basis to seek a default judgment.  Even assuming, without deciding, for purposes of this motion only that Defendants' motions were untimely, entry of default judgment is not warranted simply on this basis.[3]

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED** this 18th day of May, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Courts consider numerous factors in deciding whether to grant a motion for default judgment.  *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)).  These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

[3] To the extent that the plaintiff seeks entry of default judgment based on alleged misconduct by the attorneys, she has not demonstrated misconduct or shown that entry of default is appropriate on this basis.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE