IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XIUMIN LI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-712-B |
| | § | |
| GENENTECH, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Defendant Fidelity Workplace Services LLC's Motion to Dismiss, filed April 6, 2017, Doc. 6, Defendant Genentech Inc.'s Motion to Dismiss, filed April 12, 2017, Doc. 15, and the Motion to Dismiss and Brief in Support for Defendants Department of Justice, Department of State, and Secret Service, filed June 12, 2017, Doc. 37, are all **GRANTED**. Defendants Genentech, Inc. and Fidelity Workplace Services LLC's Motion to Transfer Venue, filed April 6, 2017, Doc. 7, and "Plaintiff's, Pro Se, Xiumin Li's Motion to Clarify Party Fidelity's Name" [sic], filed May 10, 2017, Doc. 26, are **DENIED** as moot.

By separate judgment, the plaintiff's tort claims against the United States will be **DISMISSED** without prejudice for lack of subject matter jurisdiction; her remaining claims against

the United States will be **DISMISSED with prejudice** for failure to state a claim; all of the claims against Fidelity and Genentech will be **DISMISSED with prejudice** for failure to state a claim; and all of the claims against "John Doe" will be *sua sponte* **DISMISSED without prejudice** for lack of personal jurisdiction.

SIGNED this 10th day of Jan., 2018.

_____
UNITED STATES DISTRICT JUDGE